**AILAFO LUA, Plaintiff**

**v.**

**UTI SALU, POPOLE IOANE and TAFALA POPOLE, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 33-92

December 1, 1993

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and MAILO, Associate Judge.

Counsel: For Plaintiff, Gata Edwin Gurr
 For Defendants, Aviata F. Fa'alevao

This dispute involves a piece of land in the village of Leloaloa and calls into question the legitimacy of a 1915 deed of conveyance of which plaintiff, who is now 82 years of age, is a beneficiary. The subject deed, dated May 17, 1915, is between Uti of Leloaloa, as grantor, and Simotu, plaintiff's mother, "in trust for her two children Ailafo and Atoni," as grantee. The deed further states that upon the youngest of the said children attaining the age of eighteen years, "the said children shall become the joint owners of said land in fee." The deed was accepted for

registration on May 18, 1918, by the Registrar of Titles and was recorded in Journal Folio 443.

The dispute arose when the present Uti titleholder, the defendant Uti Salu, blocked plaintiff's attempts to retrace the land. Uti further allowed the defendants Popole Ioane and Tafala Popole to move onto on the land. A suit praying for quiet title and injunctive relief was thereafter filed.

The defendants' principal contention is that the deed is invalid because it attempts to alienate communal family lands in contravention of applicable law. They submit that certain regulations, promulgated by the United States Naval Administration a few days after the flag-raising in 1900, prohibited the alienation of communal lands. In this regard, counsel in his opening statement drew our attention to *Fe'a v. Sisipeni*, 4 A.S.R. 320, 323 (1963), wherein the court stated:

> [T]his supposed gift of land by Letuli to Peniata was void, even if it did in fact occur. The Native Land Regulation of 1900 enacted on April 30, 1900 by Commander B.F. Tilley, U.S.N., Commandant, provided that "From and after the coming into force of this Regulation the alienation of native lands within the jurisdiction of the United States Naval Station, Tutuila, is prohibited." The whole of Tutuila was included in the Naval Station. This regulation was enacted by the Commandant just 13 days after the U.S. Flag was raised at Fagatogo. It was in force in 1902 when Sisipeni claimed Letuli made the gift to Peniata.

The court then went on to hold that any gift by Letuli to Peniata "was absolutely void." *Id.* On the basis of this holding, counsel submitted that the deed in question was similarly null and void.

The Native Lands Regulation of 1900, Regulation No. 4-1900, was amended by Regulation No. 5-1913, which was enacted November 12, 1913, by C.D. Stearns, Commander, U.S.N., Governor. This regulation subsequently appeared as Section 40 of the Codification of the Regulations and Orders for the Government of American Samoa (1917). Section 40 provided in pertinent part:

> 1. The word "native" in this Regulation shall mean and include aboriginal natives of the Islands of Samoa, and the word "non-native" shall mean and include any

other person. The term "native land" shall mean and include lands owned by a native.

2. From and after the coming into force of this Regulation the alienation of native lands within the limits of American Samoa, to a *non-native*, is prohibited.

(Emphasis added). Unlike its 1900 forerunner, Regulation 5-1913 merely prohibited native-land transfers to non-Samoans; it did not prohibit conveyancing transactions among Samoans.[1] Since there was no evidence whatsoever to show that plaintiff and her sibling were non-natives, we conclude that the subject deed, executed and delivered in 1918, is valid and that the land conveyed by the subject deed is the property of plaintiff and her sibling Atoni.[2]

Therefore, it is ordered, adjudged, and decreed as follows:

1. Plaintiff Ailafo Lua and her sibling Atoni are the individual owners and are entitled to the possession of certain real property situated in the village of Leloaloa, County of Maoputasi, American Samoa, more particularly described in that deed of conveyance between Uti and Simotu dated May 17, 1915, and recorded on May 18, 1915, with the Territorial Registrar's Office in Journal Folio 443;

2. The claims of defendants Uti Salu, Popole Ioane, Tafala Popole and all who claim title under them in and to said real property are without any right whatever in or to said real property or any part thereof;

3. Defendants Uti Salu, Popole Ioane, Tafala Popole and all persons claiming under them are hereby permanently enjoined from asserting any estate, right, title, lien, or interest in or to said real property or any part thereof.

---

[1] This is essentially the state of the law today--with the added requirement that gubernatorial consent be first obtained before communal land can be validly conveyed. *See* A.S.C.A. § 37.0204(a).

[2] In his post-trial brief, filed late, defense counsel has attempted to inject new theories which were neither raised on the pleadings nor in opening statement. These include a claim of adverse possession and an argument that the consideration recited in the deed was inadequate.

Notwithstanding procedural flexibility accorded by A.S.C.A. § 3.0242(b), these new theories are untimely raised as plaintiff has had neither notice nor opportunity to meet these additional claims. In any event, neither theory is sustained on the evidence.